**DALLAS JOINT STOCK LAND BANK v. NEWTON.**

**No. 12850.**

Court of Civil Appeals of Texas. Dallas.

Feb. 24, 1940.

Rehearing Denied March 23, 1940.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellant.

Bond, Crofts & Bond, of Terrell, and Fred T. Porter, of Kaufman, for appellee.

LOONEY, Justice.

This is a boundary suit. In a formal action of trespass to try title, appellee, W. A. Newton, sued the Dallas Joint Stock Land Bank of Dallas, to recover four acres of land located in Kaufman County. Appellant answered by general denial and plea of not guilty. Appellee contended that, the land in controversy was part of the A. Nail Survey; appellant contended that it was either a part of the Martha Music Survey, or part of a vacant strip between the Nail and Music Surveys. The jury having found that the land was a part of the Nail Survey, appellee recovered.

■ The finding of the jury, in our opinion, was fully authorized by evidence. The two surveys are parts of what is known as the "King Block" of surveys in Kaufman County; were patented by the Republic of Texas in 1845, the Music, on April 30, and the Nail, on July 11. The Land Office map shows that the surveys are parallelograms, having two corners and a boundary line in common. One of the corners has been recognized for forty or fifty years, and is marked by a bois d'arc stake. A straight line, run by course and distance, from this recognized corner to the other corner, forms the common boundary line of the two surveys, and, not only forbids the idea of a vacancy, but shows that, the land in controversy is in the Nail Survey. The Land Office map, presumably compiled from the original filed notes returned to the General Land Office, fails to reveal a vacancy; besides, the field notes of the patents to the surveys call for common bearing and witness trees. In view of these facts, we do not think any verdict other than that which was rendered would have been authorized.

■ Appellant also complains of the action of the court in overruling the motion to withdraw its announcement, strike from the record the report and maps of Frank R. Lewis, surveyor, continue the case until next term, and appoint a new suveyor to locate the lines and corners in controversy, etc. This motion was made during the trial of the case, and after appellee had introduced evidence, and rested.

Bearing upon this question, the record discloses that on December 7, 1937, appellant filed a motion for the appointment of a surveyor, and, although the record fails to disclose any action by the court on the motion, on March 30, 1938, Frank R. Lewis filed what purports to be his report as surveyor. Although the case was not tried until December, 1938, over eight months after the surveyor's report was filed, it was not objected to by either party, and no part of the report was offered in evidence, or relied upon, except that, appellant put in evidence the attached plats and maps. Stripped of all confusing surplusage, appellant's motion was for a continuance and the appointment of another surveyor.

We do not think the court abused its discretion in overruling this motion. It came entirely too late. Besides, in view of the record as heretofore disclosed, we think it altogether unreasonable to assume that, a correct survey of the Nail and Music would reveal a vacancy between them, or show that, the four-acre tract in controversy was not in the Nail Survey. The judgment of the court below, in our opinion, should be and is hereby affirmed.

Affirmed.